# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES JORDANOFF IV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-939-R |
| ) | |
| JOE LESTER, Sheriff of ) | |
| Cleveland County; ) | |
| BARBARA MCSWAIN, Chief ) | |
| of Detention; SERGEANT ) | |
| GARVIN THOMAS; and ) | |
| DETENTION OFFICER ) | |
| JOSH COFFEY,[1] ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a pro se pre-trial detainee, initiated the present action under 42 U.S.C. § 1983 and Oklahoma law alleging mistreatment at the Cleveland County Jail. Docs. 1, 16. United States District Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Defendants Lester, McSwain, Thomas, and Coffey each filed a separate motion to dismiss, and the undersigned has reviewed each individually. At issue here is Defendant

---

[1] For clarity, the undersigned has used Defendants' style which reflects Defendants' correct titles and name spelling. Docs. 29-32.

Lester's motion to dismiss. Doc. 32.² Plaintiff responded to the motion, Doc. 40, and Defendant Lester joined a joint response. Doc. 42.

## I. Plaintiff's claims.

According to Plaintiff, from May to August 2015, Detention Officer Coffey retaliated against, threatened, and verbally and sexually harassed Plaintiff at the Cleveland County Jail. Doc. 1, at 1-6.³ In an amended pleading, Plaintiff further accused Officer Coffey of using excessive force against him in October 2015. Docs. 16, 18. For his causes of action, Plaintiff lists "sexual assault, 8th Amendment violations," "Seeking Revenge for plaintiffs filing suit against county and sheriff," and "Allienation of effection." Doc. 1, at 6-7.⁴ The undersigned construes Plaintiff's claims as alleging excessive force, and threats and harassment, in violation of the Fourteenth

---

² Defendant Lester titled his motion, in part, as a "Special Appearance." Doc. 32. Defendant Lester does not explain his "Special Appearance" reference and the undersigned notes Congress eliminated any reference to special appearances in the Federal Rules of Civil Procedure almost eighty years ago. *See Honeycutt v. Hughs*, No. CIV-14-797-W, 2015 WL 2449424, at *1, n.1 (W.D. Okla. May 21, 2015) (unpublished order) (noting the federal rules "eliminated the distinction between general and special appearances in 1938"). So, Defendant's "Special Appearance" label has "no legal significance." *Id.*

³ The undersigned's page citations refer to this Court's CM/ECF pagination.

⁴ Unless otherwise noted, all quotations are reprinted verbatim.

Amendment, retaliation in violation of the First Amendment, and violation of Oklahoma law.

Plaintiff identifies Defendant Lester as the Cleveland County Sheriff and sues him "for allowing his subordinates to abuse" Plaintiff. *Id.* at 1-2. Plaintiff seeks monetary relief and an injunction to "hault the Cleveland County Jail from allowing D.O. Coffee to continue to harass and threaten plaintiff." *Id.* at 5, 8.

Because Plaintiff seeks monetary relief and an injunction against the Cleveland County Jail, the undersigned interprets the complaint as suing Defendant Sheriff Lester in his individual capacity for monetary relief and his official capacity for injunctive relief. *See, e.g., Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1244 (10th Cir. 2007) ("When, as here, 'the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability.'" (citation omitted)).

## II. Standard of Review.

Defendant Lester seeks dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a valid claim for relief. Doc. 32, at 1. Because Plaintiff is proceeding in forma pauperis, Doc. 6, the court also has an independent duty

3

to dismiss any allegation that fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Under such review, the court "'must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to . . . [P]laintiff.'" *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014) (citation omitted). To survive dismissal, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility . . . ." *Id.* (internal quotation marks and citation omitted).

### III. Defendant Lester's motion to dismiss.

#### A. Plaintiff's § 1983 claims.

Defendant Lester seeks dismissal in his official capacity on grounds Plaintiff failed to establish an official policy or custom contributed to Officer Coffey's alleged violations. Doc. 32, at 4-8. The undersigned agrees.

A suit against a public official in his official capacity is, in reality, a suit against the governmental entity. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978); *Cox v. Glanz*, 800 F.3d 1231, 1254 (10th Cir. 2015) (a "suit against Sheriff [Lester]

4

in his official capacity as sheriff is the equivalent of a suit against [Cleveland] County."). So the court applies the standard of liability to municipalities and counties in assessing whether Plaintiff's official capacity claim against Defendant Lester survives the motion to dismiss. *See Graham*, 473 U.S. at 165-66; *see also Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010) (noting that although *Iqbal* clarified the standards for assessing supervisory liability, "[n]othing in *Iqbal* contradicts the standards for municipal liability under § 1983"). A municipality or county can be held accountable to a pretrial detainee for a constitutional violation resulting from an employee's acts only if the harmful acts resulted from a policy or custom adopted or maintained with objective deliberate indifference to the detainee's constitutional rights. *See Monell*, 436 U.S. at 690-91, 694.

Plaintiff fails to allege Cleveland County had a policy, custom, or practice which caused Officer Coffey's alleged wrongdoing or played any part in his alleged violations. Accordingly, Plaintiff failed to sufficiently state a valid § 1983 claim against Defendant Lester in his official capacity, and the court should grant Defendant Lester's motion to dismiss, without prejudice, on this ground.

### B. Plaintiff's claim arising under Oklahoma law.

Plaintiff claims officials allowed Officer Coffey's conduct, which caused him "Allienation of effection." Doc. 1, at 7. Presumably, Plaintiff includes Defendant Lester in that group of officials. The undersigned construes Plaintiff's language as attempting to invoke Oklahoma's one-time prohibition against "alienation of affections."

Defendant Lester seeks dismissal on grounds the Oklahoma Governmental Tort Claims Act bars Plaintiff's tort claim. Doc. 32, at 8-9. But the undersigned finds dismissal is better based in Oklahoma's abolishment of the tort.

At one time, a plaintiff in Oklahoma could "recover for alienation of affection" if he proved the defendant "brought about the alienation of the affections of the [plaintiff's] spouse." *Lynn v. Shaw*, 620 P.2d 899, 902 (Okla. 1980). Notably, Plaintiff has alleged Officer Coffey's conduct alienated other inmates and staff, not Plaintiff's spouse. Doc. 1, at 7. More importantly, Oklahoma abolished the "alienation of affections" cause of action many years ago. *See Bladen v. First Presbyterian Church of Sallisaw*, 857 P.2d 789, 796 (Okla. 1993); *see also* Okla. Stat. tit. 76, § 8.1 ("From and after the effective date of this act, [October 1, 1976] the alienation of the affections of a spouse

of sound mind and legal age or seduction of any person of sound mind and legal age is hereby abolished as a civil cause of action in this state.").

Under such circumstances, the court should dismiss Plaintiff's claim arising under Oklahoma law with prejudice.

**IV. Screening.**

Defendant Lester did not address the individual capacity § 1983 claims. Doc. 32, *passim*. However, because those claims do not survive screening, the undersigned recommends the court dismiss the claims without prejudice.

Personal participation is "an essential" element in a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). And in an individual-capacity suit, "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). So, to hold Defendant Lester personally liable as a supervisor, Plaintiff must establish an "'affirmative link' between [Defendant Lester] and [Officer Coffey's alleged] constitutional violation." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (citation omitted). Plaintiff can establish this "affirmative link" through showing: "(1) personal involvement;

(2) sufficient causal connection, and (3) culpable state of mind." *Id.* (citation omitted).

Plaintiff has wholly failed to allege Defendant Lester had any personal involvement in Officer Coffey's alleged violation of Plaintiff's First or Fourteenth Amendment rights. Even with the most liberal interpretation, Plaintiff's complaint "did not allege that [Defendant Lester's] role was more than 'one of abstract authority over individuals who actually committed a constitutional violation'"; so, he did not sufficiently establish Defendant Lester's personal participation. *Bertolo v. Benezee*, 601 F. App'x 636, 639 (10th Cir. 2015) (citation omitted). The court should therefore dismiss, sua sponte, the individual capacity § 1983 claims against Defendant Lester without prejudice.

## V. Recommendation and notice of right to object.

The undersigned recommends the court grant Defendant Lester's motion to dismiss without prejudice on the § 1983 official capacity claims. The court should then summarily dismiss the § 1983 individual capacity claims without prejudice. Defendant Lester is entitled to dismissal with prejudice on Plaintiff's claim arising under Oklahoma law. These recommendations, if adopted, will terminate Defendant Lester from the action.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by the 10th day of March, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The court's adoption of this recommendation will not terminate the referral in the present case.

ENTERED this 19th day of February, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE