# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES JORDANOFF IV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-939-R |
| ) | |
| JOE LESTER, Sheriff of ) | |
| Cleveland County; ) | |
| BARBARA MCSWAIN, Chief ) | |
| of Detention; SERGEANT ) | |
| GARVIN THOMAS; and ) | |
| DETENTION OFFICER ) | |
| JOSH COFFEY,[1] ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a pro se pre-trial detainee, initiated the present action under 42 U.S.C. § 1983 and Oklahoma law alleging mistreatment at the Cleveland County Jail. Docs. 1, 16. United States District Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Defendants Lester, McSwain, Thomas, and Coffey each filed a separate motion to dismiss, and the undersigned has reviewed each individually. At issue here is Defendant

---

[1] For clarity, the undersigned has used Defendants' style which reflects Defendants' correct titles and name spelling. Docs. 29-32.

McSwain's motion to dismiss. Doc. 30.² Plaintiff responded to the motion, Doc. 40, and Defendant McSwain joined a joint response. Doc. 42.

## I. Plaintiff's claims.

According to Plaintiff, from May to August 2015, Detention Officer Coffey retaliated against, threatened, and verbally and sexually harassed Plaintiff at the Cleveland County Jail. Doc. 1, at 1-6.³ In an amended pleading, Plaintiff further accused Officer Coffey of using excessive force against him in October 2015. Docs. 16, 18. For his causes of action, Plaintiff lists "sexual assault, 8th Amendment violations," "Seeking Revenge for plaintiffs filing suit against county and sheriff," and "Allienation of effection." Doc. 1, at 6-7.⁴ The undersigned construes Plaintiff's claims as action alleging excessive force, and threats and harassment, in violation of the

---

² Defendant McSwain titled her motion, in part, as a "Special Appearance." Doc. 30. Defendant McSwain does not explain her "Special Appearance" reference and the undersigned notes Congress eliminated any reference to special appearances in the Federal Rules of Civil Procedure almost eighty years ago. *See Honeycutt v. Hughs*, No. CIV-14-797-W, 2015 WL 2449424, at *1, n.1 (W.D. Okla. May 21, 2015) (unpublished order) (noting the federal rules "eliminated the distinction between general and special appearances in 1938"). So, Defendant's "Special Appearance" label has "no legal significance." *Id.*

³ The undersigned's page citations refer to this Court's CM/ECF pagination.

⁴ Unless otherwise noted, all quotations are reprinted verbatim.

Fourteenth Amendment, retaliation under the First Amendment, and violation of Oklahoma law.

Plaintiff describes Defendant McSwain as the "Chieff," Doc. 1, at 3, but mentions her name only sporadically. In the original complaint, Plaintiff says only "Plaintiff has brought these issues explained herein to Sgt. Thomas, Lt. A. Bear and [McSwain Chief], by means of informal resolution . . . ." *Id.* at 8. In his amended pleading, Plaintiff mentions Defendant McSwain only in stating she ordered Officer Coffey "not to have any contact with me" and Officer Coffey "disregard[ed] . . . the Chiefs direct orders . . . ." Doc. 16, at 2-3. After the alleged assault, Plaintiff complained to Defendant McSwain. *Id.*, Ex. A.

Plaintiff also did not identify the capacity in which he is suing Defendant McSwain. However, because he appears to seek only monetary relief from this defendant, the undersigned construes the claims to be against Defendant McSwain in her individual capacity.[5] *See, e.g., Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1244 (10th Cir. 2007) ("When, as here, 'the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of the proceedings in order to

---

[5] Plaintiff's request for injunctive relief appears to be directed at the Cleveland County Jail. Doc. 1, at 5. So, the undersigned has interpreted the complaint to allege an official capacity claim against only Sheriff Lester.

determine whether the suit is for individual or official liability.'" (citation omitted)).[6]

## II. Standard of Review.

Defendant McSwain seeks dismissal under Fed. R. Civ. P. 12(b)(6). Doc. 30, at 1. In ruling on Defendant's 12(b)(6) motion, the court "'must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to . . . [P]laintiff.'" *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014) (citation omitted). To survive dismissal, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility . . . ." *Id.* (internal quotation marks and citation omitted).

## III. Defendant McSwain's motion to dismiss.

Defendant McSwain seeks dismissal (in part) based on her lack of personal participation in any constitutional violation and on the absence of an Oklahoma tort for alienation of affection. Doc. 30, at 14-18, 22-23. After

---

[6] For this reason, the undersigned does not address Defendant McSwain's motion to dismiss any official capacity claims.

4

careful review, the undersigned recommends the court grant her motion to dismiss on these grounds.

### A. Plaintiff's failure to allege Defendant McSwain's personal participation.

Personal participation is "an essential" element in a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). And in an individual-capacity suit, "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). So, to hold a party personally liable as a supervisor, a plaintiff must establish an "'affirmative link' between the supervisor and the constitutional violation." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (citation omitted). A party may establish this "affirmative link" through showing: "(1) personal involvement; (2) sufficient causal connection, and (3) culpable state of mind." *Id.* (citation omitted).

Plaintiff has wholly failed to allege Defendant McSwain had any personal involvement in Officer Coffey's alleged violation of Plaintiff's First or Fourteenth Amendment rights. And, Defendant McSwain's involvement in Plaintiff's administrative relief attempts does not establish her personal participation in the alleged violations. *See, e.g., Gallagher v. Shelton*, 587

F.3d 1063, 1069 (10th Cir. 2009) (holding the "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983"). Likewise, Plaintiff cannot establish Defendant McSwain's personal participation based on her "mere knowledge" of the alleged constitutional violation. *Phillips v. Tiona*, 508 F. App'x 737, 744 (10th Cir. 2013) ("[U]nder *Iqbal*, a supervisor's mere knowledge of [her] subordinate's [constitutional violation] and acquiescence are insufficient to establish a constitutional violation." (citing *Iqbal*, 556 U.S. at 677)). Even with the most liberal interpretation, Plaintiff's complaint "did not allege that [Defendant McSwain's] role was more than 'one of abstract authority over individuals who actually committed a constitutional violation'"; so, he did not sufficiently establish Defendant McSwain's personal participation. *Bertolo v. Benezee*, 601 F. App'x 636, 639 (10th Cir. 2015) (citation omitted); *see also Sherratt v. Utah Dep't of Corrs.*, 545 F. App'x 744, 747 (10th Cir. 2013) ("Denial of a grievance or failure to properly investigate or process grievances, without any connection to the violation of constitutional rights alleged by the plaintiff, is not sufficient to establish personal participation for purposes of a Section 1983 claim."). The

6

court should therefore grant Defendant McSwain's motion to dismiss, without prejudice, based on her lack of personal participation.[7]

B. **Plaintiff's claim invoking Oklahoma law.**

Plaintiff also claims officials allowed Officer Coffey's conduct, which caused him "Allienation of effection." Doc. 1, at 7. Presumably, Plaintiff includes Defendant McSwain in this group of officials. Like Defendant McSwain, the undersigned construes Plaintiff's language as attempting to invoke Oklahoma's one-time prohibition against "alienation of affections." Doc. 30, at 22.

At one time, a plaintiff in Oklahoma could "recover for alienation of affection" if he proved the defendant "brought about the alienation of the affections of the [plaintiff's] spouse." *Lynn v. Shaw*, 620 P.2d 899, 902 (Okla. 1980). Notably, Plaintiff has alleged Officer Coffey's conduct alienated other inmates and staff, not Plaintiff's spouse. Doc. 1, at 7. More importantly, Oklahoma abolished the "alienation of affections" cause of action many years ago. *See Bladen v. First Presbyterian Church of Sallisaw*, 857 P.2d 789, 796 (Okla. 1993); *see also* Okla. Stat. tit. 76, § 8.1 ("From and after the effective date of this act, [October 1, 1976] the alienation of the affections of a spouse

---

[7] Because dismissal is appropriate for this reason, the undersigned declines to address Defendant McSwain's remaining arguments for dismissal of the § 1983 claims.

of sound mind and legal age or seduction of any person of sound mind and legal age is hereby abolished as a civil cause of action in this state."). So, the court should grant Defendant McSwain's motion to dismiss with prejudice on this claim.[8]

### IV. Recommendation and notice of right to object.

The undersigned recommends the court grant Defendant McSwain's motion to dismiss without prejudice on Plaintiff's claims arising under the First and Fourteenth Amendment. The court should then grant her motion to dismiss with prejudice on Plaintiff's claim arising under Oklahoma law. These recommendations, if adopted, will terminate Defendant McSwain from the action.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by the 10th day of March, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[8] The undersigned does not interpret Plaintiff's complaint as alleging any further state law violation, and thus does not address Defendant McSwain's argument involving Oklahoma's Governmental Tort Claims Act.

The court's adoption of this recommendation will not terminate the referral in the present case.

ENTERED this 19th day of February, 2016.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE