# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES JORDANOFF IV, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOE LESTER, Sheriff of ) <br> Cleveland County; ) <br> BARBARA MCSWAIN, Chief ) <br> of Detention; SERGEANT ) <br> GARVIN THOMAS; and ) <br> DETENTION OFFICER ) <br> JOSH COFFEY,[1] ) <br> ) <br> Defendants. ) | Case No. CIV-15-939-R |

## REPORT AND RECOMMENDATION

Plaintiff, a pro se pre-trial detainee, initiated the present action under 42 U.S.C. § 1983 and Oklahoma law alleging mistreatment at the Cleveland County Jail. Docs. 1, 16. United States District Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Defendants Lester, McSwain, Thomas, and Coffey each filed a separate motion to dismiss, and the undersigned has reviewed each individually. At issue here is Defendant

---

[1] For clarity, the undersigned has used Defendants' style which reflects Defendants' correct titles and name spelling. Docs. 29-32.

Thomas' motion to dismiss. Doc. 31.² Plaintiff responded to the motion, Doc. 40, and Defendant Thomas joined a joint response. Doc. 42.

I. **Plaintiff's claims.**

According to Plaintiff, from May to August 2015, Detention Officer Coffey retaliated against, threatened, and verbally and sexually harassed Plaintiff at the Cleveland County Jail. Doc. 1, at 1-6. In an amended pleading, Plaintiff further accused Officer Coffey of using excessive force against him in October 2015. Docs. 16, 18. For his causes of action, Plaintiff lists "sexual assault, 8th Amendment violations," "Seeking Revenge for plaintiffs filing suit against county and sheriff," and "Allienation of effection." Doc. 1, at 6-7. The undersigned construes Plaintiff's claims as alleging excessive force, and threats and harassment, in violation of the Fourteenth Amendment, retaliation in violation of the First Amendment, and violation of Oklahoma law.

---

² Defendant Thomas titled his motion, in part, as a "Special Appearance." Doc. 31. Defendant Thomas does not explain his "Special Appearance" reference and the undersigned notes Congress eliminated any reference to special appearances in the Federal Rules of Civil Procedure almost eighty years ago. *See Honeycutt v. Hughs*, No. CIV-14-797-W, 2015 WL 2449424, at *1, n.1 (W.D. Okla. May 21, 2015) (unpublished order) (noting the federal rules "eliminated the distinction between general and special appearances in 1938"). So, Defendant's "Special Appearance" label has "no legal significance." *Id.*

Plaintiff describes Defendant Thomas as the "Shift Supervisor," *id.* at 2, but mentions his name only sporadically. In the original complaint, Plaintiff says on July 24, 2015, he informed Officer Thomas and several other officers of Defendant Coffey's conduct. Doc. 1, at 4; *see also id.* at 8. Then, Plaintiff alleges Defendant Thomas was with Officer Coffey on August 19, 2015, when Officer Coffey "bang[ed] on my window and door as they [left] to go home." *Id.* at 4. In his amended pleading, Plaintiff does not mention Defendant Thomas. Doc. 16.

Plaintiff also did not identify the capacity in which he is suing Defendant Thomas. However, because he appears to seek only monetary relief from this defendant, the undersigned construes the claims to be against Defendant Thomas in his individual capacity.[3] *See, e.g., Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1244 (10th Cir. 2007) ("When, as here, 'the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of the proceedings in order to

---

[3] Plaintiff's request for injunctive relief appears to be directed at the Cleveland County Jail. Doc. 1, at 5. So, the undersigned has interpreted the complaint to allege an official capacity claim against only Sheriff Lester.

determine whether the suit is for individual or official liability.'" (citation omitted)).[4]

## II. Standard of Review.

Defendant Thomas seeks dismissal under Fed. R. Civ. P. 12(b)(6). Doc. 31, at 1. In ruling on Defendant's 12(b)(6) motion, the court "'must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to . . . [P]laintiff.'" *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014) (citation omitted). To survive dismissal, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility . . . ." *Id.* (internal quotation marks and citation omitted).

## III. Defendant Thomas' motion to dismiss.

### A. Plaintiff's claim relating to Defendant Thomas' direct involvement with harassment.

Plaintiff alleges Defendant Thomas and Officer Coffey were together when Officer Coffey banged on Plaintiff's window and door on August 19, 2015. Doc. 1, at 4. It is unclear whether Plaintiff alleges Defendant Thomas

---

[4] For this reason, the undersigned does not address Defendant Thomas' motion to dismiss any official capacity claims.

4

*also* banged on the window, or if Plaintiff wishes only to hold Defendant Thomas accountable for not protecting him from Officer Coffey's banging on the window. The undersigned finds Defendant Thomas is entitled to dismissal with prejudice on these claims.

Because Plaintiff was a pre-trial detainee during the relevant time frame, it is the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment, that governed the officers' conduct. *See Blackmon v. Sutton*, 734 F.3d 1237, 1240 (10th Cir. 2013) ("We know that . . . before the Eighth Amendment picks up, the Fourteenth Amendment's due process guarantee offers detainees some protection while they remain in the government's custody awaiting trial."). Under the Due Process Clause, the officers had to provide Plaintiff "'humane conditions of confinement by ensuring the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee his safety.'" *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003) (citation, ellipses, and internal brackets omitted). Under some circumstances, a pretrial detainee may hold one officer liable for another officer's constitutional violations if he failed to intervene. *See, e.g.*, *Estate of Booker v. Gomez*, 745 F.3d 405, 423 (10th Cir. 2014) (ruling on an excessive force case and holding "'a law enforcement official who fails to intervene to prevent

another law enforcement official's use of excessive force may be liable under § 1983'" (citation omitted)).

Even assuming Plaintiff's allegations are true – either that Defendant Thomas once banged on Plaintiff's window or that he once failed to prevent Officer Coffey from banging on the window − "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (citation omitted); *see also McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (holding jail officials' threat to spray inmate with mace amounted to "nothing more than threats and verbal taunts" and did not violate the constitution). So, the undersigned recommends the court grant Defendant Thomas' motion to dismiss this claim with prejudice.

### B. Plaintiff's claims relating to Defendant Thomas' supervisory capacity.

Plaintiff mentions Defendant Thomas only one other time in his complaint, claiming he brought Officer Coffey's conduct to Defendant Thomas' attention on July 24, 2015 and in administrative grievances. Doc. 1, at 8. To the extent Plaintiff's complaint can be read as holding Defendant Thomas liable on that basis, dismissal is warranted.

6

Personal participation is "an essential" element in a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). And in an individual-capacity suit, "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). So, to hold a party personally liable as a supervisor, a plaintiff must establish an "'affirmative link' between the supervisor and the constitutional violation." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (citation omitted). A party may establish this "affirmative link" through showing: "(1) personal involvement; (2) sufficient causal connection, and (3) culpable state of mind." *Id.* (citation omitted).

Except for the August 19, 2015, window-banging incident addressed above, Plaintiff has wholly failed to allege Defendant Thomas had any personal involvement in Officer Coffey's alleged violation of Plaintiff's First or Fourteenth Amendment rights. And, Plaintiff allegedly made Defendant Thomas aware of Officer Coffey's pre-July 2015 conduct after the fact, but does not assert he personally informed Defendant Thomas of any on-going harassment. Regardless, Plaintiff cannot establish Defendant Thomas' personal participation based on his "mere knowledge" of the alleged

7

constitutional violation. *Phillips v. Tiona*, 508 F. App'x 737, 744 (10th Cir. 2013) ("[U]nder *Iqbal*, a supervisor's mere knowledge of his subordinate's [constitutional violation] and acquiescence are insufficient to establish a constitutional violation." (citing *Iqbal*, 556 U.S. at 677)). Finally, Defendant Thomas' involvement in Plaintiff's administrative relief attempts does not establish his personal participation in the alleged violations. *See, e.g., Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (holding the "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983"). Even with the most liberal interpretation, Plaintiff's complaint "did not allege that [Defendant Thomas'] role was more than 'one of abstract authority over individuals who actually committed a constitutional violation'"; so, he did not sufficiently establish Defendant Thomas' personal participation. *Bertolo v. Benezee*, 601 F. App'x 636, 639 (10th Cir. 2015) (citation omitted); *see also Sherratt v. Utah Dep't. of Corrs.*, 545 F. App'x 744, 747 (10th Cir. 2013) ("Denial of a grievance or failure to properly investigate or process grievances, without any connection to the violation of constitutional rights alleged by the plaintiff, is not sufficient to establish personal participation for purposes of a Section 1983 claim."). The court should therefore grant Defendant Thomas' motion to dismiss, without

prejudice, based on his lack of personal participation in any conduct other than the August 19, 2015, door-banging incident.[5]

### C. Plaintiff's claim invoking Oklahoma law.

Plaintiff also claims officials allowed Officer Coffey's conduct, which caused him "Allienation of effection." Doc. 1, at 7. Presumably, Plaintiff includes Defendant Thomas in that group of officials. Like Defendant Thomas, the undersigned construes Plaintiff's language as attempting to invoke Oklahoma's one-time prohibition against "alienation of affections." Doc. 31, at 22.

At one time, a plaintiff in Oklahoma could "recover for alienation of affection" if he proved the defendant "brought about the alienation of the affections of the [plaintiff's] spouse." *Lynn v. Shaw*, 620 P.2d 899, 902 (Okla. 1980). Notably, Plaintiff has alleged Defendant Coffey's conduct alienated other inmates and staff, not Plaintiff's spouse. Doc. 1, at 7. More importantly, Oklahoma abolished the "alienation of affections" cause of action many years ago. *See Bladen v. First Presbyterian Church of Sallisaw*, 857 P.2d 789, 796 (Okla. 1993); *see also* Okla. Stat. tit. 76, § 8.1 ("From and after the effective date of this act, [October 1, 1976] the alienation of the affections

---

[5] With these recommendations, the undersigned declines to address Defendant Thomas' remaining arguments for dismissing the § 1983 claims.

of a spouse of sound mind and legal age or seduction of any person of sound mind and legal age is hereby abolished as a civil cause of action in this state."). So, the court should grant Defendant Thomas' motion to dismiss with prejudice on this claim.[6]

IV. **Recommendation and notice of right to object.**

The undersigned recommends the court grant Defendant Thomas' motion to dismiss with prejudice on Plaintiff's Fourteenth Amendment claim he either banged on Plaintiff's door or failed to stop Officer Coffey from banging on the door on August 19, 2015. Defendant Thomas is entitled to dismissal without prejudice on Plaintiff's remaining § 1983 claims for lack of personal participation. Finally, the court should grant Defendant Thomas dismissal with prejudice on Plaintiff's claim arising under Oklahoma law. Adoption of these recommendations will terminate Defendant Thomas from the action.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by the 10th day of March, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely

---

[6] The undersigned does not interpret Plaintiff's complaint as alleging any further state law violation, and thus does not address Defendant Thomas' argument involving Oklahoma's Governmental Tort Claims Act.

objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The court's adoption of this recommendation will not terminate the referral in the present case.

ENTERED this 19th day of February, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE