IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES JORDANOFF IV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-939-R |
| ) | |
| JOE LESTER, Sheriff of ) | |
| Cleveland County; ) | |
| BARBARA MCSWAIN, Chief ) | |
| of Detention; SERGEANT ) | |
| GARVIN THOMAS; and ) | |
| DETENTION OFFICER ) | |
| JOSH COFFEY,[1] ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a pro se pre-trial detainee, initiated the present action under 42 U.S.C. § 1983 and Oklahoma alleging mistreatment at the Cleveland County Jail. Docs. 1, 16. United States District Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Defendants Lester, McSwain, Thomas, and Coffey each filed a separate motion to dismiss, and the undersigned has reviewed each individually. At issue here is Defendant

---

[1] For clarity, the undersigned has used Defendants' style which reflects Defendants' correct titles and name spelling. Docs. 29-32.

Coffey's motion to dismiss. Doc. 29.² Plaintiff responded to the motion, Doc. 40, and Defendant Coffey joined a joint response. Doc. 42.

## I. Plaintiff's claims.

According to Plaintiff, in May 2015, Defendant Coffey entered the Cleveland County Jail shower room and pointed his taser gun at Plaintiff in a threatening manner. Doc. 1, at 2.³ Then, the officer allegedly told Plaintiff to masturbate for him, but then said he was joking. *Id.* In July 2015, Officer Coffey allegedly pointed his taser gun at Plaintiff and threatened "to harm [him] for filing litigation against him." *Id.* at 4. Throughout July and August 2015, Defendant Coffey continued to harass Plaintiff, banging on his cell window, telling Plaintiff he would die in prison, making threatening hand signals, threatening "revenge" for Plaintiff's litigation, and threatening to kill Plaintiff. *Id.* at 4-5. Finally, Plaintiff alleges Defendant Coffey used excessive force against him in October 2015. Docs. 16, 18. For his causes of

---

² Defendant Coffey titled his motion, in part, as a "Special Appearance and Partial Motion to Dismiss[.]" Doc. 29. Defendant Coffey does not explain his "Special Appearance" reference and the undersigned notes Congress eliminated any reference to special appearances in the Federal Rules of Civil Procedure almost eighty years ago. *See Honeycutt v. Hughs*, No. CIV-14-797-W, 2015 WL 2449424, at *1, n.1 (W.D. Okla. May 21, 2015) (unpublished order) (noting the federal rules "eliminated the distinction between general and special appearances in 1938"). So, Defendant's "Special Appearance" label has "no legal significance." *Id.*

³ Unless otherwise noted, page citations refer to this Court's CM/ECF pagination.

2

action, Plaintiff lists "sexual assault, 8th Amendment violations," "Seeking Revenge for plaintiffs filing suit against county and sheriff," and "Allienation of effection." Doc. 1, at 6-7.[4] The undersigned construes Plaintiff's claims as alleging excessive force, and threats and harassment, in violation of the Fourteenth Amendment, retaliation in violation of the First Amendment, and violation of Oklahoma law.

Plaintiff did not identify the capacity in which he is suing Defendant Coffey. However, because he appears to seek only monetary relief from this defendant, the undersigned construes the claims to be against Defendant Coffey in his individual capacity.[5] *See, e.g., Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1244 (10th Cir. 2007) ("When, as here, 'the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability.'" (citation omitted)).

## II. Standard of Review.

Defendant Coffey seeks dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a valid claim for relief. Doc. 29, at 1. Because Plaintiff is

---

[4]  Unless otherwise noted, all quotations are reprinted verbatim.

[5]  Plaintiff's request for injunctive relief appears to be directed at the Cleveland County Jail. Doc. 1, at 5. So, the undersigned has interpreted the complaint to allege an official capacity claim against only Sheriff Lester.

proceeding in forma pauperis, Doc. 6, the court also has an independent duty to dismiss any allegation that fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Under such review, the court "'must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to . . . [P]laintiff.'" *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014) (citation omitted). To survive dismissal, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility . . . ." *Id.* (internal quotation marks and citation omitted).

### III. Defendant Coffey's motion to dismiss.

#### A. Plaintiff's claims relating to verbal threats and harassment.

Defendant Coffey first argues Plaintiff's allegations regarding "verbal sexual harassment, agitation, and/or threats are fatally flawed[,]" because such acts "do not establish a constitutional violation." Doc. 29, at 4. The undersigned agrees.

Because Plaintiff was a pre-trial detainee during the relevant time frame, it is the Fourteenth Amendment's Due Process Clause, rather than

4

the Eighth Amendment, that governed Defendant Coffey's conduct. *See Blackmon v. Sutton*, 734 F.3d 1237, 1240 (10th Cir. 2013) ("We know that . . . before the Eighth Amendment picks up, the Fourteenth Amendment's due process guarantee offers detainees some protection while they remain in the government's custody awaiting trial."). Under the Due Process Clause, Defendant Coffey had to provide Plaintiff "'humane conditions of confinement by ensuring the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee his safety.'" *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003) (citation, ellipses, and internal brackets omitted).

Even assuming Plaintiff's allegations are true, "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (citation omitted); *see also McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (holding jail officials' threat to spray inmate with mace amounted to "nothing more than threats and verbal taunts" and did not violate the constitution). So, while the court finds Defendant Coffey's alleged harassment and verbal threats disturbing, the conduct Plaintiff describes did not rise to the level of a constitutional violation. *See Adkins v. Rodriquez*, 59 F.3d 1034, 1037 (10th Cir. 1995)

5

(holding the court could not "infuse [detention officer's] words of sexual harassment with the sort of violence or threats of violence cognizable [under the federal constitution]"); *Rivera v. Hassler*, 79 F. App'x 393, 394 (10th Cir. 2003) (finding no constitutional violation in alleged verbal abuse where officer "harassed [inmate], teased him, singled him out, and falsely reported him for stalking her" although such conduct was "deplorable and unprofessional"); *Scott v. Inmate Accounts-DOC*, 75 F. App'x 708, 709 (10th Cir. 2003) (affirming the district court's dismissal because inmate's claim that officers verbally harassed him because he was "gay" did not "state an arguable constitutional claim" (internal quotations and citation omitted)); *Washington v. Garfield Cnty. Det. Ctr.*, No. CIV-15-899-F, 2015 WL 9601803, at \* (W.D. Okla. Dec. 3, 2015) (unpublished recommendation) (holding taunts with "racial epithets" did not violate the constitution), *adopted*, 2016 WL 67805 (W.D. Okla. Jan. 5, 2016) (unpublished order).

On these claims, the undersigned recommends the court grant Defendant Coffey's motion to dismiss with prejudice.[6]

---

[6] With this recommendation, the undersigned declines to address Defendant's qualified immunity argument, which is predicated on Defendant Coffey's argument that "verbal sexual harassment and threats are not actionable under Sec. 1983." Doc. 29, at 13.

**B.     Plaintiff's claim invoking Oklahoma law.**

Plaintiff also claims Defendant Coffey's conduct caused him "Allienation of effection." Doc. 1, at 7. Like Defendant Coffey, the undersigned construes this language as attempting to hold the officer liable under Oklahoma's one-time prohibition against "alienation of affections." Doc. 29, at 8.

At one time, a plaintiff in Oklahoma could "recover for alienation of affection" if he proved the defendant "brought about the alienation of the affections of the [plaintiff's] spouse." *Lynn v. Shaw*, 620 P.2d 899, 902 (Okla. 1980). Notably, Plaintiff has alleged Defendant Coffey's conduct alienated him from other inmates and staff, not Plaintiff's spouse. Doc. 1, at 7. More importantly, Oklahoma abolished the "alienation of affections" cause of action many years ago. *See Bladen v. First Presbyterian Church of Sallisaw*, 857 P.2d 789, 796 (Okla. 1993); *see also* Okla. Stat. tit. 76, § 8.1 ("From and after the effective date of this act, [October 1, 1976] the alienation of the affections of a spouse of sound mind and legal age or seduction of any person of sound mind and legal age is hereby abolished as a civil cause of action in this

state."). So, the court should grant Defendant Coffey's motion to dismiss with prejudice on this claim.[7]

## IV. Screening.

### A. Plaintiff's claims alleging retaliation.

Plaintiff alleges Defendant Coffey harassed and threatened him with violence after he pursued litigation against the officer and Sheriff Lester. Doc. 1, at 2, 4, 6. Defendant Coffey does not address Plaintiff's retaliation claim specifically or even generally in his request for qualified immunity. Doc. 29, *passim*.[8] The undersigned finds the claim survives screening.

Assuming Plaintiff's allegations are true, Defendant Coffey threatened and harassed him because he filed a lawsuit. "It is well-settled that 'prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts.'" *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (citation and internal brackets omitted); *see also Van Deelen v. Johnson*, 497 F.3d 1151, 1157 (10th Cir. 2007) (holding plaintiff's "allegations of physical and verbal intimidation, including a threat

---

[7] The undersigned does not interpret Plaintiff's complaint as alleging any further state law violation, and thus does not address Defendant Coffey's argument involving Oklahoma's Governmental Tort Claims Act.

[8] Defendant Coffey also did not address the excessive force claims; however, that was a tactical decision. Doc. 29, at 4.

8

by a deputy sheriff to shoot him if he brought any more tax appeals, would surely suffice under our precedents to chill a person of ordinary firmness from continuing to seek redress . . . ."). The undersigned finds Plaintiff's allegations state a plausible claim for retaliation.

## V. Recommendation and notice of right to object.

The undersigned recommends the court grant Defendant Coffey's motion to dismiss with prejudice on Plaintiff's harassment claims arising under the Fourteenth Amendment and Oklahoma law. However, Defendant Coffey did not address Plaintiff's First Amendment retaliation claim, and the allegation survives screening. Plaintiff's amended claim involving Defendant Coffey's alleged excessive force also remains.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by the 10th day of March, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The court's adoption of this recommendation will terminate the referral in the present case. The undersigned recommends a new referral for further proceedings relating to the remaining claims against Defendant Coffey.

ENTERED this 19th day of February, 2016.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE