IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| JAMES JORDANOFF, IV, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. CIV-15-939-R |
| JOE LESTER, Sherriff of Cleveland County; BARBARA MCSWAIN, Chief of Detention; SERGEANT GARVIN THOMAS; and DETENTION OFFICER JOSH COFFEY.[1] | ) |  |
| Defendants. | ) |  |

## ORDER

Before the Court are the Report and Recommendations of United States Magistrate Judge Suzanne Mitchell on Defendants Lester, McSwain, Thomas, and Coffey's Motions to Dismiss, entered on February 19, 2016. Doc. Nos. 43-46. Plaintiff filed a Response to the Magistrate Judge's conclusions in the Report and Recommendation ("Response"). Doc. No. 47. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendations *de novo* in light of Plaintiff's response.

**I.      Plaintiff's Claims**

Plaintiff brings this action under 42 U.S.C. § 1983 and Oklahoma law against several defendants on alleged mistreatment at the Cleveland County Jail. The gravamen of Plaintiff's claims against all defendants concern alleged actions of Detention Officer

---

[1] For clarity, this Order uses Defendants' style which reflects Defendants' correct titles and name spelling. Docs. 29-32.

1

Coffey. Plaintiff claims that Defendant Coffey retaliated against, threatened, verbally and sexually harassed, and used excessive force against Plaintiff. The Magistrate Judge construed Plaintiff's claims as those for excessive force, threats and harassment, in violation of the Fourteenth Amendment; retaliation in violation of the First Amendment; and alienation of affection, in violation of Oklahoma law. The Magistrate Judge noted that Plaintiff's request for injunctive relief was directed at the Cleveland County Jail and therefore construed the complaint to allege an official capacity claim against only Sherriff Lester.

## II.     The Magistrate Judge's Report and Recommendation

The Magistrate Judge recommended that Plaintiff's claims under Oklahoma law against all defendants be dismissed with prejudice because the tort for alienation of affection no longer exists. The Magistrate Judge's recommendations as to the remaining claims are summarized below.

### A.     *Defendant Lester*

Plaintiff names Defendant Lester, Sherriff of Cleveland County, as a defendant for "allowing his subordinates to abuse Plaintiff." Doc. No. 1 at 1-2. Plaintiff seeks monetary relief and an injunction to "hault [sic] the Cleveland County Jail form allowing D.O. Coffee to continue to harass and threaten Plaintiff." *Id.* at 5, 8.

The Magistrate Judge recommended that all of Plaintiff's claims against Defendant Lester be dismissed. The Magistrate Judge recommended dismissal without prejudice of Plaintiff's § 1983 claim against Defendant Lester in his official capacity because Plaintiff failed "to allege that Cleveland County had a policy, custom, or practice

2

which caused Officer Coffey's alleged wrongdoing or played any part in his alleged violations." Doc. No. 43, at 5. The Magistrate Judge also recommended dismissal without prejudice of Plaintiff's § 1983 claim against Defendant Lester in his individual capacity because Plaintiff failed to "sufficiently establish Defendant Lester's personal participation." *Id.* at 8.

B.  *Defendant McSwain*

Plaintiff names Defendant McSwain, Chief of Detention, as a defendant because "Plaintiff has brought these issues explained herein to Sgt. Thomas, Lt. A. Bear and [McSwain Chief], by means of informal resolution . . . ." Doc. No. 1 at 8; that she ordered Defendant Coffey "not to have any contact with [Plaintiff]," [Doc. No. 16, at 1] and that Officer Coffey disregarded Defendant McSwain's direct orders. *Id.* at 3. He also alleges that he complained to Defendant McSwain after the alleged assault. *Id.*, Ex. A.

The Magistrate Judge recommended that Plaintiff's claims against Defendant McSwain be dismissed. The Magistrate Judge recommended dismissal without prejudice of Plaintiff's § 1983 claim against Defendant McSwain in her individual capacity because Plaintiff failed to "sufficiently establish Defendant McSwain's personal participation." Doc. No. 44 at 6-7.

C.  *Defendant Thomas*

Plaintiff describes Defendant Thomas as a "Shift Supervisor" and states that he informed Defendant Thomas of Defendant Coffey's conduct. Doc. 1 at 4, 8. He also alleges that Defendant Thomas was with Defendant Coffey when Coffey banged on Plaintiff's window and door on their way home. *Id.* at 4.

3

The Magistrate Judge recommended that Plaintiff's claims against Defendant Thomas be dismissed. The Magistrate Judge found that Plaintiff's claims relating to Defendant Thomas's direct involvement with the alleged harassment did not rise to the level of a constitutional violation and recommended those claims be dismissed with prejudice. Doc. No. 45 at 6. As to Plaintiff's claims relating to Defendant Thomas's supervisory capacity, the Magistrate Judge found those claims should be dismissed without prejudice because, besides the window-banging incident underlying his claims of direct harassment, Plaintiff did not allege any personal involvement by Defendant Thomas. *Id.* at 7-8.

D.  *Defendant Coffey*

Plaintiff alleges that Defendant Coffey harassed Plaintiff by pointing his taser gun at him a number of times; telling Plaintiff to masturbate for him, but then told him he was joking; banging on Plaintiff's cell window; telling Plaintiff he would die in prison; making threatening hand gestures, and threatening revenge and to kill Plaintiff. Doc. No. 1 at 2, 4-5. Plaintiff also alleges that in October 2015, Defendant Coffey used excessive force against him. Docs. 16, 18.

Examining Plaintiff's claims under both Rule 12(b)(6) and its screening obligation The Magistrate Judge found that some, not all, of Plaintiff's claims against Defendant Coffey warranted dismissal. The Magistrate Judge found that Plaintiff's claims relating to verbal threats and harassment should be dismissed with prejudice because, while troubling, the alleged acts did not establish a constitutional violation. Doc. No. 46 at 4. The Magistrate Judge also recommended that Plaintiff's claim for alienation of affection

be dismissed with prejudice because the tort no longer exists under Oklahoma law. *Id.* at 9. The Magistrate Judge noted that Plaintiff's claims against Defendant Coffey for excess force and retaliation remain.

### III. Plaintiff's Response to the Report and Recommendation

Though Plaintiff does not directly object to the Report and Recommendation,[2] he did file a "Response to the Report and Recommendation," asking the Court to consider additional evidence that relates to the incident where "Defendant Coffee caused excessive force to be used against plaintiff for plaintiffs exercising of his right to access to this Federal Court." Doc. No. 47, at 2. This evidence includes (1) "15 minute sight checks log sheet" which Plaintiff submits is proof that a nurse took his vitals and noted cuts and bruising on Plaintiff following an alleged beating at the hands of officers using excessive force; (2) "inmate grievance #220097 showing Coffee to be ordered by Chief McSwain to not have any interaction with plaintiff;" and (3) a letter from Plaintiff to the Court Clerk, dated March 6, 2016 with a USPS tracking number. Although not clear, Plaintiff's March 6 letter and tracking number attached to the letter seem to indicate that he previously attempted, unsuccessfully, to transmit copies of the logs and the grievance to the Court. Doc. Nos. 47-1, 47-2.

---

[2] It appears Plaintiff's decision to refer to his filing as a "Response" rather than an "Objection" was intentional, as Plaintiff has filed Objections to Report and Recommendations in other actions. *See, e.g., Jordanoff v. Lester et al*, Case No. 15-00719-R, Doc. No. 17 ("Objection to Report and Recommendation"); *Jordanoff v. OK, D.O.C.*, Case No. 15-974, Doc. No. 9 ("Objection to Report and Recommendation").

5

## IV. Analysis

The undersigned agrees with the analysis by the Magistrate Judge and ADOPTS her Report and Recommendations.

Plaintiff's Response does not compel a different result. The Response does not address any of the Magistrate Judge's findings or recommendations. Rather, it seems Plaintiff has submitted his Response to introduce copies of the logs and the grievance as evidence for his excessive force claims. The Magistrate Judge explicitly stated that Plaintiff's excessive force and retaliation claims against Defendant Coffey remain in this case. Doc. No. 46 at 9. To the extent Plaintiff offers this information to save his claims against Defendants Lester, McSwain, or Thomas, it fails to cure the deficiencies that the Magistrate Judge identified in her Report and Recommendation. Likewise, the information fails to save his claims against Defendant Coffey relating to verbal threats and harassment.

## V. Conclusion

The undersigned agrees with the Report and Recommendation of the Magistrate Judge. Accordingly, the Report and Recommendations [Doc. Nos. 43-46] are ADOPTED in their entirety. In accordance with the foregoing:

Plaintiff's claims under Oklahoma law against all Defendants are DISMISSED WITH PREJUDICE.

Plaintiff's § 1983 claims against Defendants Lester and McSwain are DISMISSED WITHOUT PREJUDICE.

Plaintiff's Fourteenth Amendment claim that Defendant Thomas either banged on Plaintiff's door or failed to stop Defendant Coffey from banging on the door is DISMISSED WITH PREJUDICE. Plaintiff's remaining § 1983 claims against Defendant Thomas are DISMISSED WITHOUT PREJUDICE.

Plaintiff's Fourteenth Amendment harassment claims against Defendant Coffey are DISMISSED WITH PREJUDICE. Plaintiff's First Amendment retaliation claim and excessive force claim against Defendant Coffey remain.

This matter is re-referred to United States Magistrate Judge Suzanne Mitchell for further proceedings relation to the remaining claims against Defendant Coffey.

IT IS SO ORDERED this 28th day of March, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE