# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES JORDANOFF IV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-939-R |
| ) | |
| JOE LESTER, Sheriff of ) | |
| Cleveland County; ) | |
| BARBARA MCSWAIN, Chief ) | |
| of Detention; SERGEANT ) | |
| GARVIN THOMAS; and ) | |
| DETENTION OFFICER ) | |
| JOSH COFFEY,[1] ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a pro se pre-trial detainee, initiated the present action under 42 U.S.C. § 1983 and Oklahoma law alleging mistreatment at the Cleveland County Jail. Docs. 1, 16.[2] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. In a prior ruling, the court dismissed Defendants Lester, McSwain, and Thomas. Doc. 48. The

---

[1] For clarity, the undersigned has used the same style as in the previous recommendations, which reflects the current and former parties' correct titles and name spelling. Docs. 43-46.

[2] The undersigned construed Doc. 16 as an amendment to Plaintiff's complaint. Doc. 18.

court also dismissed Plaintiff's § 1983 claims against Defendant Coffey involving threats and harassment and the sole claim arising under Oklahoma law. *Id.*

Defendant Coffey now seeks summary judgment on the two remaining claims against him: (1) retaliation, and (2) excessive force. Doc. 60. Plaintiff has responded, Doc. 76, and Defendant Coffey replied, Doc. 79. After thoroughly reviewing the pleadings, motions, and evidentiary materials, the undersigned recommends the court deny Defendant Coffey's motion for summary judgment on the retaliation claim, and grant his motion on the excessive force claims.

**I. Plaintiff's remaining claims.**

According to Plaintiff, in July 2015, Officer Coffey pointed his taser gun at him and threatened "to harm [Plaintiff] for filing litigation against [Defendant Coffey]." Doc. 1, at 4.[3] Throughout July and August 2015, Defendant Coffey allegedly continued to harass Plaintiff, threatening "revenge" for Plaintiff's litigation. *Id.* at 4-5. Finally, Plaintiff alleges Defendant Coffey used excessive force against him in October 2015. Doc. 16, at 2-3. Specifically, Plaintiff claims:

---

[3] Unless otherwise noted, page citations refer to this Court's CM/ECF pagination. Also, unless otherwise indicated, the undersigned has reprinted all quotations verbatim.

> As I contined to attempt to fill out a grievance on Officer Coffe[y], he then called for backup officers whom violently grabed me, and draged me into the hallway where Officer Coffe[y] and other officers slammed me on my face, causing to black swollen eyes along with cuts to my face. The officers then proceeded to assault me with "excessive force" by wrenching my arms behind my back, where hand cuffs were violently applied to my wrists and knees were applied to my face and body.
>
> I was then pulled up by my arms behind my back with "excessive force" and carried by my arms almost dislocating my shoulders, down the hallway into my cell where further abuse took place, as officeres once again slamed my face on the concreate and kneed me in my face busting my bottom lip open and once again bruising my eyes.

*Id.*

The undersigned has already construed Plaintiff's claims to be against Defendant Coffey in his individual capacity. Doc. 46, at 3.

## II. Standard of Review.

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine 'if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way,' and it is material 'if under the substantive law it is essential to the proper disposition of the claim.'" *Fields v. City of Tulsa*, 753 F.3d 1000, 1009 (10th Cir. 2014) (citation omitted). When considering the parties' affidavits and depositions the court will "examine the record and

all reasonable inferences that might be drawn from it in the light most favorable to the nonmoving party." *Id.* (quotation marks and citation omitted). "But where, as here, the record contains videotapes capturing the events in question, the court 'views the facts in the light depicted by the videotape.'" *Borneman v. Rozier*, 398 F. App'x 415, 418 (10th Cir. 2010) (citing *Scott v. Harris*, 550 U.S. 372, 381 (2007) (internal brackets omitted)). Finally, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380. "Importantly, in opposing a motion for summary judgment, the non-moving party 'cannot rest on ignorance of facts, on speculation, or on suspicion.'" *Bird v. W. Valley City*, __ F.3d __, 2016 WL 4183957, at *6 (10th Cir. 2016) (citing *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988)).

III. **Defendant Coffey's motion for summary judgment.**

    A. **Plaintiff's retaliation claim.**

Plaintiff alleges Defendant Coffey harassed and threatened him with violence after he pursued litigation against the Officer and Cleveland County Sheriff Joe Lester. Doc. 1, at 2, 4, 6. The undersigned finds Defendant Coffey is not entitled to summary judgment on this claim.

4

1. **Retaliation standard.**

"It is well-settled that 'prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts.'" *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (citation and internal brackets omitted). To prevail on his retaliation claim, Plaintiff must show: (1) he was engaged in "constitutionally protected activity;" (2) Defendant Coffey's conduct caused him "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity;" and (3) Defendant Coffey's "adverse action was substantially motivated as a response" to Plaintiff's "exercise of constitutionally protected conduct." *Van Deelen v. Johnson*, 497 F.3d 1151, 1155-56 (10th Cir. 2007).

2. **Defendant Coffey's retaliation defense.**

Defendant Coffey "concedes that Plaintiff meets the first element" as he "had initiated at least 4 lawsuits against Cleveland County Sheriff Joe Lester . . . ." Doc. 60, at 16. Nevertheless, Defendant Coffey believes he is entitled to summary judgment on the second element because his alleged conduct— threatening to "shoot" Plaintiff with a taser if "he did not stop filing litigation against County and Sheriff," Doc. 1, at 4, "is simply not enough under the First Amendment" and does not "establish that a person of ordinary firmness would be chilled from pursuing his claims . . . ." Doc. 60, at 16-17.

Alternatively, Defendant Coffey argues Plaintiff fails to establish the threats and harassment actually "hindered or dissuaded [Plaintiff] from participating in the protected activity," noting "in fact, [Plaintiff] filed [the present action]." *Id.*

The undersigned's previous findings and published Tenth Circuit law foreclose Defendant Coffey's first argument. In screening Plaintiff's retaliation claim, the undersigned found he had stated a valid claim for relief because Defendant Coffey's alleged threats of violence would surely chill a person of ordinary firmness from continuing to seek redress. Doc. 46, at 8-9 (citing *Van Deelen*, 497 F.3d at 1157 (holding plaintiff's "allegations of physical and verbal intimidation, including a threat by a deputy sheriff to shoot him if he brought any more tax appeals, would surely suffice under our precedents to chill a person of ordinary firmness from continuing to seek redress")).

Established case law also forecloses Defendant Coffey's second argument. The relevant question is not whether Defendant Coffey's conduct chilled Plaintiff, but whether it would have "chill[ed] a person of ordinary firmness . . . ." *See Eaton v. Meneley*, 379 F.3d 949, 954 (10th Cir. 2004); *see also Zia Shadows, L.L.C. v. City of Las Cruces*, __ F.3d __, 2016 WL 3960827, at *7 (10th Cir. 2016) (finding no error in a jury instruction because "the jury

was to consider the chilling effect of the City's actions by an objective standard—that is, whether the City's action would chill a person of ordinary firmness, not whether it, in fact, chilled the plaintiffs' conduct"). So, Plaintiff's continued litigation does not entitle Defendant Coffey to summary judgment.

Defendant Coffey does not address the third element—whether Plaintiff's litigation substantially motivated his alleged threats and harassment. Doc. 60, *passim*. The court-ordered Special Report does however contain Defendant Coffey's affidavit, wherein he avers:

> I am aware that Jordanoff has filed numerous lawsuits against Cleveland County and the Sheriff of Cleveland County. The fact that he has done so does not impact, in any way, the CCDC staff's treatment of Jordanoff. No retaliatory actions have been taken against Jordanoff that I am aware of.
>
> I have not made any threats to Jordanoff that I would harm him if he didn't cease filing litigation against the County and the Sheriff.

Doc. 27, Ex. 4, ¶ ¶ 10-11.

Even if the court considered this affidavit sua sponte, it only contradicts Plaintiff's sworn complaint,[4] creating a classic swearing match. Because there is a genuine issue of material fact as to whether Defendant

---

[4] The court may treat Plaintiff's verified complaint "'as an affidavit for purposes of summary judgment . . . .'" *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010) (citation omitted).

Coffey's alleged conduct was substantially motivated by Plaintiff's litigation, summary judgment is not appropriate.

### 3. Defendant Coffey's qualified immunity defense.

The undersigned now turns to Defendant Coffey's qualified immunity defense. "The defense of qualified immunity protects governmental officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *A.M. v. Holmes*, __ F.3d __, 2016 WL 3999756, at *5 (10th Cir. 2016) (citations and internal quotation marks omitted). "When a defendant asserts the defense of qualified immunity, the onus is on the plaintiff to demonstrate (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Id.* at *6 (citations and internal quotation marks omitted). The court may address "either prong first[.]" *Id.*

Regarding the second prong, there can be "no doubt" Plaintiff's "right to be free of retaliation for exercising his First Amendment rights was clearly established" at the time Defendant Coffey allegedly threatened him. *Walker v. Scherbarth*, No. 15-cv-00823-MJW, 2015 WL 5697366, at *6 (D. Colo. Sept. 29, 2015) (unpublished order) (denying defendant's argument he was entitled to qualified immunity on plaintiff's claim he was retaliated against for filing

8

lawsuits against the prison, because the inmate's right to be free from such retaliation was "no doubt" clearly established when the conduct occurred in 2013) (collecting cases).

As to the first prong, the court adopts "the plaintiff's version of the facts." *Scott*, 550 U.S. at 378 (citation and internal quotation marks omitted). Assuming Plaintiff's facts as true, Defendant Coffey threatened to physically harm Plaintiff if he continued to file lawsuits against him and/or Cleveland County officials. The undersigned believes a reasonable jury could find these actions constitute a constitutional violation. *See supra* § III(A)(2).

Because Plaintiff's allegations carry his two-part burden, the burden shifts to Defendant Coffey "to prove that there are no genuine disputes of material fact and that he is entitled to judgment as a matter of law." *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015). As noted above however, Defendant Coffey does not address the third retaliation element, and, even if the court were to consider his affidavit sua sponte, it would create a genuine factual dispute. *See supra* § III(A)(2). Under these circumstances, the court cannot grant Defendant Coffey qualified immunity at this stage of proceedings. *See Estate of Booker v. Gomez*, 745 F.3d 405, 433 (10th Cir. 2014) (denying qualified immunity where "the myriad factual disputes

preclude summary judgment" on the issue of whether defendants violated a constitutional right).

### 4. Summary.

Based on the foregoing, the undersigned finds Defendant Coffey is not entitled to summary judgment on the merits of Plaintiff's retaliation claim, nor is he entitled to qualified immunity at this stage in the proceedings. So, the court should deny Defendant Coffey's motion for summary judgment on the retaliation claim.

### B. Plaintiff's excessive force claims.

Conversely, the undersigned recommends the court grant summary judgment to Defendant Coffey on Plaintiff's excessive force claims.

### 1. The facts for purposes of summary judgment.

According to Plaintiff, on October 16, 2015, Defendant Coffey approached him during recreation at the F. Dewayne Beggs Detention Center and demanded Plaintiff leave with him. Doc. 16, at 1. Plaintiff refused to comply and:

> As I contined to attempt to fill out a grievance on Officer Coffe[y], he then called for backup officers whom violently grabed me, and draged me into the hallway where Officer Coffe[y] and other officers slammed me on my face, causing to black swollen eyes along with cuts to my face. The officers then proceeded to assault me with "excessive force" by wrenching my arms behind my back, where hand cuffs were violently applied to my wrists and knees were applied to my face and body.

10

> I was then pulled up by my arms behind my back with "excessive force" and carried by my arms almost dislocating my shoulders, down the hallway into my cell where further abuse took place, as officeres once again slamed my face on the concreate and kneed me in my face busting my bottom lip open and once again bruising my eyes.

*Id.* at 2-3.

Defendant Coffey agrees he approached Plaintiff on October 16, 2015, and instructed him to leave recreation. Doc. 60, at 9-10. Defendant Coffey also agrees when Plaintiff refused, he "radioed for assistance." *Id.* at 10. Finally, Plaintiff and Defendant Coffey agree Plaintiff physically resisted the officers that arrived to escort him from recreation. *Id.* at 10 & Ex. 4, at 8 (Plaintiff's deposition); Doc. 76, at 6 (Plaintiff's statement that "if even in fact [he] acted in some form of defiance . . . then it was all a result of" conditions of confinement, inadequate mental health treatment, and lack of access to medication).

The parties' agreements generally end there. For example, Defendant Coffey denies he was involved in either taking Plaintiff to the ground—which resulted in Plaintiff's initial facial injuries—or the alleged force used in Plaintiff's cell, which resulted in further facial injuries. Doc. 60, at 20-21. Defendant Coffey also denies placing his knee in Plaintiff's back during handcuffing and "wrenching him up by his arms, almost dislocating his shoulders" after handcuffing. *Id.*

11

To support his denials, Officer Coffey provided video footage of the incident. That video conclusively shows:

- Plaintiff pushed away from the officers escorting him in the hallway. Doc. 60, Ex. 14, Seg. Corridor 5 Video, at 9:11:11-12.

- Defendant Coffey did *not* participate in taking Plaintiff to the ground (which resulted in Plaintiff's face hitting the window and metal framing). *Id.* at 9:11:13-22; *see also* Doc. 60, Ex. 15, at 1-2 (identifying Defendant Coffey).

- Defendant Coffey did participate in handcuffing Plaintiff. Doc. 60, Ex. 14, Seg. Corridor 5 Video, at 9:11:25-9:12:00.

- After handcuffing, Defendant Coffey picked Plaintiff up onto his feet. *Id.* at 9:12:01-04.

- Defendant Coffey did *not* carry Plaintiff by his arms. *Id.* at 9:12:04-13.

- Defendant Coffey did *not* participate in placing Plaintiff into his cell. *Id.* Ex. 14, Proc. Corridor 2 Video, at 9:12:20-9:16:50 (showing Officer Coffey leaving the scene at 9:14:48 and not returning); *see also* Doc. 60, Ex. 15, at 4-6 (identifying Defendant Coffey).

Plaintiff challenges the video evidence, claiming Defendant Coffey manipulated it, deleting various scenes. Doc. 76, at 10. But the only footage he claims is missing allegedly shows Defendant Coffey approaching him in recreation. *Id.*[5] Defendant Coffey admits he approached Plaintiff, Doc. 60, at

---

[5] Plaintiff asserts Defendant Coffey's supervisors ordered him to stay away from Plaintiff. Doc. 16, at 1; Doc. 76, at 8-10. In fact, Plaintiff alleges the October 16, 2015 incident would not have taken place had Defendant Coffey not violated his orders. Doc. 76, at 14. But whether Defendant Coffey

10. The undersigned otherwise finds Plaintiff's challenge to the video evidence conclusory and speculative; therefore, the court should adopt the facts as depicted in the video. *See Borneman*, 398 F. App'x at 418; *Bird*, 2016 WL 4183957, at *6. With that adoption, the court rejects Plaintiff's blatantly contradictory assertions: (1) the video shows Officer Coffey participating in the original takedown; (2) the video shows Defendant Coffey repeatedly "shoving Plaintiff's head and face into the ground"; and (3) Plaintiff was not "exhibiting any aggressive behavior." Doc. 76, at 11-19; *see Scott*, 550 U.S. at 380 ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

However, the video does *not* conclusively show whether Defendant Coffey placed his knee into Plaintiff's face and back or "wrench[ed]" Plaintiff's arms behind his back during handcuffing. Doc. 60, Ex. 14, Seg. Corridor 5 Video, at 9:11:25-9:12:00 (showing Defendant Coffey leaning in and attempting to handcuff Plaintiff, but thereafter capturing an obstructed view

---

violated an internal prison order is irrelevant to Plaintiff's ability to prevail under § 1983. *See, e.g., Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002) ("To the extent [plaintiff] seeks relief for alleged violations of . . . prison regulations, however, he has stated no cognizable claim under § 1983.").

of the officer's exact actions). So, for purposes of summary judgment, the undersigned construes the evidence in a light most favorable to Plaintiff and assumes Defendant Coffey used his knee and wrenched Plaintiff's arm when handcuffing Plaintiff. *See Fields*, 753 F.3d at 1009.

### 2. Excessive force standard.

Because Plaintiff is a pre-trial detainee, and the force Defendant Coffey used was deliberate (as opposed to accidental), an "objective standard" applies to Plaintiff's excessive force claims under the Fourteenth Amendment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-76 (2015). "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case[,]'" and the court "must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* at 2473 (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Factors the court may consider include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* (citing *Graham*, 490 U.S. at 396).

However, "[i]n cases in which the handcuffing is permissible yet the *manner* of handcuffing may render the application of force excessive, the *Graham* factors are less helpful in evaluating the *degree* of force applied." *Koch v. City of Del City*, 660 F.3d 1228, 1247 (10th Cir. 2011) (citation and internal quotation marks omitted). So, in order to succeed on a manner-of-handcuffing claim, "a plaintiff must show some actual injury that is not de minimis, be it physical or emotional." *Id.* (citation and internal quotation marks omitted); *see also Holmes*, 2016 WL 3999756, at *20 ("[W]e have said that 'our precedent requires a showing in a handcuffing case of an actual, non-de minimis physical, emotional, or dignitary injury to succeed on a claim.'" (citation omitted)).

### 3. Defendant Coffey's non-participation in the force used to take Plaintiff to the ground or place him in his cell.

As discussed above, the evidence conclusively establishes Defendant Coffey called for other officers to escort Plaintiff from recreation and thus did not "violently" grab Plaintiff or drag him into the hallway. Doc. 16, at 2; *see supra* § III(B)(1). The evidence also conclusively establishes Defendant Coffey did *not*: (1) slam Plaintiff onto his face during his initial take down; (2) carry Plaintiff "by [his] arms . . . down the hallway"; or (3) take Plaintiff

15

into his cell (where officers allegedly slammed Plaintiff's face into the concrete and kneed him in the face). Doc. 16, at 2-3.

Personal participation is "an essential" element in a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). As the undisputed facts establish Defendant Coffey did not personally participate in the above actions, the court must grant him summary judgment on Plaintiff's related excessive force claims. *See Conley v. Pryor*, 627 F. App'x 697, 699 (10th Cir. 2015) (affirming the district court's granting of summary judgment on grounds the undisputed evidence showed defendants "did not personally participate" in the underlying offense).

### 4. Defendant Coffey's manner of handcuffing.

On Plaintiff's claims that Defendant Coffey placed his knee on Plaintiff's face or back and wrenched Plaintiff's arms behind his back during handcuffing, he must show "some actual injury that is not de minimis, be it physical or emotional." *Koch*, 660 F.3d at 1247. Because Plaintiff has not carried this burden, the undersigned recommends the court grant Defendant Coffey summary judgment on these allegations.

Plaintiff alleges he suffered physical injury when officers first took him to the ground, slamming his face into the floor. Doc. 16, at 2-3. He alleges he again suffered facial injuries in his cell. *Id*. But these injuries relate to

physical acts Defendant Coffey *did not perform*. *See supra* § III(B)(1), (3). For the actions Defendant Coffey did (presumably) perform during handcuffing—placing his knee on Plaintiff's face and body and wrenching Plaintiff's arms behind his back—Plaintiff does not allege any physical injury. *See* Doc. 16, *passim*. And, any momentary pain Plaintiff suffered was de minimis. *See Pearce v. Lucero*, No. 11-cv-01514-PAB-BNB, 2012 WL 2000859, at *5 (D. Colo. June 5, 2012) (unpublished district court order) (granting defendants' motion to dismiss, because "although plaintiff alleges that being held back by the handcuffs caused extreme pain, there is no indication that he suffered anything other than temporary, de minimis harm").

Plaintiff suggests the conduct induced "posttraumatic stress disorder" and "chronic paranoid schizophrenia." Doc. 76, at 20. But even if the court found those disorders to be more than de minimis, and even if a reasonable jury could find the relatively minor contact Defendant Coffey had with Plaintiff during handcuffing could reasonably induce such disorders, Plaintiff's own evidence establishes he was diagnosed with those conditions almost one year before the October 2015 incident. *See id.* (citing Doc. 41, Attach. 2, at 1-4 (medical records reflecting Plaintiff was discharged from

Midwest Regional Medical Center in November 2014 with a diagnosis of "Chronic paranoid schizophrenia" and "Posttramatic stress disorder")).

Under these circumstances, the undersigned finds Plaintiff has failed to establish more than a de minimis injury arising out of Defendant Coffey (presumably) placing his knee on Plaintiff's face and back, and wrenching Plaintiff's arms behind his back, during handcuffing. Accordingly, Defendant Coffey is entitled to summary judgment on these claims. *See Martin v. City of Okla. City*, __ F. Supp. 3d __, 2016 WL 1529927, at *10 (W.D. Okla. 2016) (granting defendant summary judgment on plaintiff's excessive force claim relating to handcuffing in the absence of anything "more than a de minimis injury"); *Pearce*, 2012 WL 2000859, at *5.

### 5. Defendant Coffey's conduct after handcuffing.

After officers handcuffed Plaintiff, Defendant Coffey (and another officer) pulled Plaintiff to his feet. Plaintiff alleges in doing so, Defendant Coffey pulled him "up by my arms behind my back with 'excessive force' and carried [me] by my arms almost dislocating my shoulders, down the hallway into my cell . . . ." Doc. 16, at 2-3. The video footage establishes Defendant Coffey *did not* carry Plaintiff down the hallway by his arms. *See supra* § III(B)(1). The video does reflect Officer Coffey pulling Plaintiff to his feet. *Id.* But even assuming the action was rougher than Plaintiff believed necessary,

the undersigned finds no reasonable juror could conclude, as a matter of law, Defendant Coffey's conduct was objectively unreasonable. *See Graham*, 490 U.S. at 396 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the [constitution].") (internal citation omitted); *see also Pearce*, 2012 WL 2000859, at *5 (holding plaintiff's allegation the officers "'forced' him down the stairs and had to hold him back by the handcuffs to keep him from falling" did not establish the officers' conduct "was objectively unreasonable").

### 6. Summary.

Based on the foregoing, the undersigned finds Defendant Coffey is entitled to summary judgment on Plaintiff's excessive force claims. Based on this finding, the court need not address Defendant Coffey's related qualified immunity argument.

## IV. Recommendation and notice of right to object.

The undersigned recommends the court deny Defendant Coffey's motion for summary judgment on Plaintiff's retaliation claim, and grant the motion on Plaintiff's excessive force claims.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by the 24th day of October, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).

The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Currently pending are two related motions. The first is Plaintiff's "motion for injunctive relief," which the undersigned construed as a motion for protective order (Doc. 59), seeking to prevent Defendant Coffey from accessing his mental health records. Doc. 58. The second is Defendant Coffey's motion to compel the production of those documents. Doc. 65. So, the court's adoption of this recommendation will not terminate the referral in the present case. If the court adopts the recommendation, the undersigned anticipates entering a scheduling order and will require the parties to address the relevancy of Plaintiff's medical records to the remaining retaliation claim.

ENTERED this 3rd day of October, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE