IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| JAMES JORDANOFF IV, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-15-939-R |
| JOE LESTER, Sheriff of Cleveland County; BARBARA MCSWAIN, Chief of Detention; SERGEANT GARVIN THOMAS; and DETENTION OFFICER JOSH COFFEY,[1] | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, proceeding then as a pro se pre-trial detainee, initiated the present action under 42 U.S.C. § 1983 and Oklahoma law alleging mistreatment at the Cleveland County Jail. Docs. 1, 16.[2] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. In prior rulings, the court dismissed Defendants Lester,

---

[1] For clarity, the undersigned has used the same style as in the previous recommendations, which reflects the current and former parties' correct titles and name spelling.

[2] The undersigned construed Doc. 16 as an amendment to Plaintiff's complaint. Doc. 18.

McSwain, and Thomas. Doc. 48. The court also dismissed Plaintiff's § 1983 claims against Defendant Coffey involving threats and harassment and the sole claim arising under Oklahoma law, and granted Defendant Coffee summary judgment on Plaintiff's § 1983 excessive force claim. Docs. 48, 82. The only remaining claim is that Defendant Coffee retaliated against Plaintiff for accessing the courts. Doc. 82. The undersigned is attempting to find counsel to represent Plaintiff. Doc. 83.

On December 21, 2016, the court received Plaintiff's motion for permanent injunctive relief, wherein he claims he needs protection from harassment and retaliatory lack of medical care at the Cleveland County Jail. Doc. 84. Defendant Coffee objects, arguing, among other things, that the request for relief is moot as Plaintiff was released from the Cleveland County Jail on December 21, 2016. Doc. 85.[3] The undersigned agrees Plaintiff's

---

[3] Defendant Coffee provides the court with a "Sheriff's Return on Criminal Sentence" showing Plaintiff's release from the Cleveland County Jail on December 21, 2016. Doc. 85, Att. 1. The undersigned judicially notices Plaintiff entered nolo contendere pleas in his two criminal cases on December 21, 2016. *See* Case No. CF-2015-429 (http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-2015-429&cmid=2197243); Case No. CF-2015-2131 (http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-2015-2131&cmid=2219272). *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

release moots his request for injunctive relief and recommends the court deny the motion.

I. **Plaintiff's request for a permanent injunction.**

Plaintiff seeks – through a permanent injunction – relief from alleged harassment and retaliatory lack of medical care at the Cleveland County Jail. Doc. 84. Notably, Plaintiff's request for a *permanent* injunction is premature, as a movant must prove "actual success on the merits." *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Cir. 2007). But even if the court construed his motion as seeking a *preliminary* injunction, Plaintiff's release from the very institution where he alleges he was harassed and denied medical care moots his request. *See White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (holding plaintiff's 1983 claims for prospective injunctive relief, based on an alleged denial of medical treatment, became moot "in light of plaintiff's subsequent release on parole"); *Cohen Ma v. Hunt*, 372 F. App'x 850, 852 (10th Cir. 2010) (noting plaintiff's request for "injunctive relief regarding the conditions of confinement" was "moot" upon his release from confinement). So, the court should deny Plaintiff's motion for injunctive relief.

## II. Recommendation and notice of right to object.

The undersigned recommends the court deny Plaintiff's motion for injunctive relief, Doc. 84, as moot.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by the 24th day of January, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The court's adoption of this recommendation will not terminate the referral in the present case.

ENTERED this 4th day of January, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

4