IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES JORDANOFF IV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-939-R |
| ) | |
| JOE LESTER, Sheriff of ) | |
| Cleveland County; ) | |
| BARBARA MCSWAIN, Chief ) | |
| of Detention; SERGEANT ) | |
| GARVIN THOMAS; and ) | |
| DETENTION OFFICER ) | |
| JOSH COFFEY,[1] ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, proceeding then as a pro se pre-trial detainee, initiated the present action under 42 U.S.C. § 1983 and Oklahoma law alleging mistreatment at the Cleveland County Jail. Docs. 1, 16.[2] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. In prior rulings, the court dismissed Defendants Lester, McSwain, and

---

[1] For clarity, the undersigned has used the same style as in the previous recommendations, which reflects the current and former parties' correct titles and name spelling.

[2] The undersigned construed Doc. 16 as an amendment to Plaintiff's complaint. Doc. 18.

Thomas. Doc. 48. The court also dismissed Plaintiff's § 1983 claims against Defendant Coffey involving threats and harassment and the sole claim arising under Oklahoma law, and granted Defendant Coffee summary judgment on Plaintiff's § 1983 excessive force claim. Docs. 48, 82. The only remaining claim is that Defendant Coffee retaliated against Plaintiff for accessing the courts. Doc. 82. The undersigned has been attempting to find counsel to represent Plaintiff. Doc. 83.

On December 21, 2016, the court received Plaintiff's motion for permanent injunctive relief, Doc. 84, and Defendant Coffee argued, in part, that the request for relief was moot as Plaintiff was released from the Cleveland County Jail on December 21, 2016. Doc. 85. The undersigned agreed and recommended the court deny the motion. Doc. 86.

The court clerk mailed Plaintiff that report and recommendation and it was returned as undeliverable on January 11, 2017. Doc. 87. So, the undersigned ordered Plaintiff to file a notice of change of address or show cause why the court should not dismiss his action without prejudice. Doc. 88. Plaintiff's deadline was January 23, 2017. *Id.* That order was also returned as undeliverable. Doc. 89.

**I.     Analysis.**

Under Fed. R. Civ. P. 41(b), the court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see also Huggins v. S. Ct. of the U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (noting that Rule 41(b) has been "consistently interpreted . . . to permit courts to dismiss actions sua sponte . . . ." (citation omitted)); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'" (citation omitted)). And, if dismissal is without prejudice, the court may enter such an order without first considering a "non-exhaustive list of factors." *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 & n.2.[3]

---

[3]     If the statute of limitations has expired, a dismissal without prejudice for failure to prosecute or comply with court rules and orders can have the same practical effect as a dismissal with prejudice. *See AdvantEdge Bus. Grp.*, 552 F.3d at 1236. Here, however, Plaintiff timely commenced his action. Thus, Oklahoma's savings statute would allow Plaintiff one year from the date of this dismissal to recommence his action. *See* Okla. Stat. tit. 12, § 100; *see also Green v. Smith*, No. CIV-13-601-C, 2015 WL 2406150, at *1, 5 (W.D. Okla. May 19, 2015) (unpublished district court order adopting recommendation) (finding that because Oklahoma's savings statute would allow the inmate to refile his timely action within one year of dismissal, dismissal without prejudice based on a failure to comply with court orders did not operate as a dismissal with prejudice).

Plaintiff appears pro se; nevertheless, he must follow the same rules as any other litigant. *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007). Plaintiff has neither notified the court of his change of address, *see* LCvR 5.4(a), nor has he responded to the court's show cause order. In sum, Plaintiff's inaction and failure to comply with the undersigned's orders have left the court without the ability "to achieve an orderly and expeditious" resolution of the action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution).

## II.  Recommendation and notice of right to object.

For the foregoing reasons, the undersigned recommends the court dismiss the remaining claim against Defendant Coffee without prejudice.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the court clerk no later than February 16 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 27th day of January, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE