IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| JAMES JORDANOFF, IV, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-939-R |
| | ) |
| JOSEPH LESTER, Sheriff, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are two Reports and Recommendations of Magistrate Judge Suzanne Mitchell. [Docs. 86 and 90]. The first [Doc. 86], entered on January 4, 2017, concerned Plaintiff's request for injunctive relief [Doc. 84] that would protect Plaintiff from harassment and retaliatory lack of medical care at the Cleveland County Jail. As the Magistrate Judge noted, Plaintiff's request for this injunctive relief is moot because Plaintiff is no longer incarcerated in the Cleveland County Jail. The Court therefore ADOPTS the Magistrate's Report and Recommendation [Doc. 86] that Plaintiff's Motion for Injunctive Relief be denied as moot.

Also before the Court is the Magistrate's Report and Recommendation [Doc. 90], entered on January 27, 2017, that Plaintiff's remaining retaliation claim[1] against Defendant Coffey be dismissed for failure to prosecute or comply with the Court's earlier Order [Doc.

---

[1] The Court previously dismissed all of the original defendants but Defendant Coffey from this action. [Doc. 48]. It also granted summary judgment on Plaintiff's excessive force claim against Defendant Coffey, leaving only a retaliation claim. [Doc. 80].

88]. The Court previously directed Plaintiff to file a notice of change of address or to show cause why his remaining claim should not be dismissed. Plaintiff had previously not been receiving the Court's orders because the Clerk had an incorrect address on file. Plaintiff has now informed the Clerk of his correct address, obtained counsel, and filed an Objection to the Report and Recommendation [Doc. 95] urging the Court not to dismiss Plaintiff's retaliation claim. The Court therefore DECLINES TO ADOPT the Magistrate Judge's Report and Recommendation [Doc. 90].

This means that the retaliation claim against Defendant Coffey remains. Related to that claim are two pending motions. The first is Plaintiff's Motion for a Permanent Injunction (better construed as a motion for a protective order) [Doc. 58], seeking to prevent Defendant Coffey from obtaining Plaintiff's medical records from Red Rock Behavioral Services. Because Red Rock has refused to release those records without a court order or proper authorization from Plaintiff, Defendant Coffey moved to compel Petitioner to execute a medical authorization or to produce the medical records at issue. [Doc. 65].

The Magistrate Judge had originally noted that there was a question of whether these medical records were still relevant to the remaining retaliation claim. [Doc. 80]. It is apparent to the Court that they are. Plaintiff alleges that Defendant's action has caused him mental anguish, trauma, pain and suffering, and exacerbated his schizophrenia. [Doc. 1, p. 5, 8]. Plaintiff's mental health records from the period before he entered Cleveland County Jail are thus directly relevant to issues of causation and damages in this case. Further, the Court sees no compelling reason to issue Plaintiff's requested protective order given the relevance of the medical records and Plaintiff's inability to show how Defendants' request

of these records is meant to annoy, embarrass, or oppress him. Plaintiff's Motion for a Protective Order [Doc. 58] is therefore DENIED.

Conversely, Defendant's Motion to Compel the production of these medical records is GRANTED. [Doc. 67]. Though Fed. R. Civ. P. 37(a) provides that a party may move for an order compelling disclosure or discovery after the party has conferred or made a good faith effort to confer with the non-disclosing party, Plaintiff has refused to either produce these records or to answer questions in his deposition about his mental health history and why he was receiving mental health treatment at Red Rock. Defendant's Motion to Compel is thus GRANTED. Plaintiff is compelled to authorize the release of his medical records within 10 days of the entry of this Order.

Defendants, however, have consented to the Court conducting an in-camera review of such documents for relevance prior to production and have also agreed to a protective order that declares the subject records confidential for purposes of this litigation. This is a suitable compromise. All documents referring to or using these records as exhibits must be filed under seal subject to the Court's protective order.

The Court therefore ADOPTS the Magistrate's Report and Recommendation [Doc. 86] that Plaintiff's Motion for Injunctive Relief be denied as moot; DECLINES TO ADOPT the Magistrate's Report and Recommendation [Doc. 90] that Plaintiff's remaining retaliation claim be dismissed; DENIES Plaintiff's Motion for a Protective Order [Doc. 58]; GRANTS Defendant's Motion to Compel [Doc. 65].

This matter is re-referred to United States Magistrate Judge Suzanne Mitchell for further proceeds relating to the remaining claim against Defendant Coffey.

IT IS SO ORDERED this 22nd day of March 2017.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE