IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JAMES JORDANOFF IV,            )
                                )
        Plaintiff,              )
                                )
v.                              )   Case No. CIV-15-939-R
                                )
JOE LESTER, Sheriff of Cleveland County, )
BARBARA MCSWAIN, Chief of Detention, )
SERGEANT GARVIN THOMAS, and     )
DETENTION OFFICER JOSH COFFEY,  )
                                )
        Defendants.             )

# ORDER

Before the Court is Defendant Coffey's Motion for Summary Judgment, Doc. 113. Plaintiff has one claim remaining against Defendant Coffey for retaliation under the First Amendment.[1] Coffey is a correctional officer who allegedly made various retaliatory threats against Plaintiff from March of 2015 to December of 2016 during Plaintiff's incarceration at Cleveland County Detention Center. Defendant moves for summary judgment on Plaintiff's retaliation claim on the basis that because Plaintiff has only alleged emotional distress damages, the PLRA bars relief. The Court grants Defendant partial summary judgment for the following reasons.

Plaintiff is barred under the Prison Litigation Reform Act ("PLRA") from recovering for "mental or emotional injury." The PLRA, 42 U.S.C. § 1997e(e), governs

---

[1] On March 28, 2016, the Court dismissed Plaintiff's claims under Oklahoma law against all Defendants; all claims against Defendants Joe Lester, Barbara McSwain and Garvin Thomas; and Plaintiff's harassment claim against Defendant Coffey. *See* Doc. 48 (adopting Reports and Recommendations, Docs. 43–46). On October 27, 2016, the Court granted Defendant Coffey summary judgment on Plaintiff's excessive force claim. *See* Doc. 82 (adopting Report and Recommendation, Doc. 80).

1

Plaintiff's First amendment retaliation claim. *See Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (in a First Amendment prisoner case, finding that the PLRA "limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional."). Section 1997e(e) bars prisoners from recovering for "mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e).

The statute plainly applies here—Plaintiff has shown de minimis physical injuries,[2] yet he seeks "$50,000 dollars for punitive damages/pain and suffering, menta[l] tra[u]ma," and "anguish." Doc. 1 at 8; *see* Report and Recommendation, Doc. 80, at 13–14, 16–17 (finding Plaintiff's injuries "de minimis"); Doc. 82 (adopting the Report and Recommendation). Plaintiff alleges another physical injury, that Defendant repeatedly and "improperly used his flashlight to contact the glass of Plaintiff's cell during sight checks" in the middle of the night to deprive him of sleep. Doc. 118, at 3. However, Plaintiff fails to cite evidence in the record that he actually suffered sleep deprivation or some other physical response to Defendant's conduct. *See Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 256, (1986) ("Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."); *Jackson*

---

[2] Defendant allegedly "wrench[ed Plaintiff's] arms behind [his] back, where hand cuffs were violently applied to [his] wrists and knees were applied to [his] face and body," Doc. 16, at 2. Defendant suggests that even if these alleged injuries are sufficient to constitute a "physical injury" under the PLRA, they resulted from Plaintiff's unrelated excessive force claim and not from Defendant's alleged retaliation. It is unclear if the PLRA requires the "physical injury" to originate from the same claim (retaliation) as the alleged mental or emotional injuries. Regardless, the Court is satisfied based on Plaintiff's amended complaint that these injuries were related to his retaliation claim. *See* Doc. 16, at 1–2.

*v. Hill*, 569 Fed. App'x 697, 699 (11th Cir. 2014) (holding that prisoner's complaints of "sleepless nights" did not "qualify as a physical injury under section 1997e(e)"). Thus, Plaintiff is left with a mere de minimis handcuffing injury in his argument for mental or emotional damages.

While the Tenth Circuit has not addressed this question directly, the Court agrees with numerous other courts that a de minimis injury is insufficient to satisfy the PLRA's "physical injury" requirement for mental or emotional damages. *See, e.g.*, *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010); *Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003); *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312–13 (11th Cir. 2002); *Liner v. Goord*, 196 F.3d 132, 135 (2d Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Therefore, Plaintiff cannot recover for "menta[l] tra[u]ma" or "anguish" (Doc. 1 at 8), and Defendant is entitled to summary judgment on the issue of mental and emotional damages.

Nonetheless, Plaintiff can recover nominal damages. Nominal damages are appropriate for the protection of certain "absolute" rights:

> Common-law courts traditionally have vindicated deprivations of certain "absolute" rights that are not shown to have caused actual injury through the award of a nominal sum of money. By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed . . . .

*Searles*, 251 F.3d at 878 (quoting *Carey v. Piphus*, 435 U.S. 247, 266 (1978)). The First Amendment is undoubtedly one of those absolute rights. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time,

unquestionably constitutes irreparable injury."). Because Plaintiff has already shown a genuine and material dispute regarding his First Amendment retaliation claim (Doc. 80, at 8–10), and the PLRA bars mental or emotional damages, he is entitled to proceed to trial and seek only nominal and punitive damages.³ *See Stoedter v. Gates*, 704 F. App'x 748, 758 (10th Cir. 2017); *Searles*, 251 F.3d at 879 ("[W]e now hold that section 1997e(e) does not bar recovery of nominal damages for violations of prisoners' rights. . . . Moreover, the rule seems to be that an award of nominal damages is mandatory upon a finding of a constitutional violation, as the jury found here.").

Defendant's Motion for Summary Judgment (Doc. 113) is therefore GRANTED IN PART AS SET FORTH HEREIN. The Court will conduct a status conference in chambers on March 22, 2018, at 10:00 A.M.

IT IS SO ORDERED this 15th day of March, 2018.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

³ Granted, Plaintiff has not expressly requested nominal damages. *See* Docs. 1, 16. Nonetheless, the Court finds—based on *Searles* and the absolute nature of First Amendment rights—that requiring a plaintiff to expressly plead nominal damages would run counter to Section 1983's basic protection of prisoners' "right[s] secured by the Constitution and laws of the United States." *West v. Atkins*, 487 U.S. 42, 48 (1988).